JOSEPH BOWREN, Plaintiff in Error,

*vs.*

GEORGE W. CAMPBELL and ORRIN SMITH, Defendants
in Error.

ERROR TO ST. CROIX CIRCUIT COURT.

The refusal of the judge to give to the jury as instructions, abstract propositions of
law, though correct as such, if inapplicable to the case on trial, cannot be assigned
for error.

An error of the judge in stating a legal proposition to the jury, or the assertion of a
false principle of law, if it be wholly irrelevant to the case on trial, is not suffi-
cient cause for the reversal of the judgment; unless it is clear that the jury may
have been misled thereby.

ACTION of assumpsit by the defendants in error against the
plaintiff in error. Declaration in the common counts for goods
sold, work and labor, &c., with bill of particulars, amounting to
$108.01. Plea, general issue. The cause was tried at the May
term, 1856, by a jury, who found a verdict for the plaintiffs
below.

On the trial, the plaintiffs called one Jeremiah M. Whaley as
a witness, who being sworn and the plaintiffs' bill of items
handed to him, testified that he, at the request of the plaintiffs
below, spoke to the defendant below, about the payment of the
bill, and that he showed the bill to the defendant, who admitted
that he had received the articles mentioned in the bill, but would
not pay for them, as he had met with heavy losses; and further,
that the plaintiffs would not have trusted him, the defendant.
He further testified, with the bill in his hand, that the amount
was $108.01, and was for sugar and lath twine; that the defend-
ant told him that George Hall had sold his, defendant's lumber,
and left with the avails; and that the plaintiffs must look to
Hall.

The plaintiffs also proved by one Gallup, that Bowren re-
ceived the goods (sugar and twine) from him, but did not pay

the freight. No bill was sent with the goods. [This witness was doubtless a warehouseman or consignee.]

The testimony for the plaintiff being closed, the defendant below called on his part the witness Whaley, who testified to a conversation with the defendants, to the effect that the plaintiffs said they sold the goods to George Hall; that Hall agreed to pay for them when he sold a raft of lumber he had in charge belonging to the defendant; that plaintiffs told witness they sold the goods to Bowren, through Hall as Bowren's agent; that Hall's name was never on their books, and that they never trusted to Hall. Hall told the plaintiffs that Bowren had some lumber coming down the river, and that they could get their pay when the lumber was sold.

The evidence on both sides being closed, the counsel for the defendant below, asked the court to instruct the jury as follows, to wit:

"1. That an authority to buy, even, does not authorize a purchase on credit, unless the usages of trade justify it.

"2. An agent constituted for a particular purpose, and under a limited power, cannot bind his principal if he exceeds his power, and whoever deals with an agent constituted for a particular purpose, deals at his peril when the agent passes the precise limits of his power.

"3. If the agency arises from the employment of the agent in a particular business, his power is deemed to be limited to that particular business.

"4. Even if the principal should ratify the act of his agent, it would not avail unless it was done with a full knowledge of *all the facts.*

"5. An authority given to an agent to sell, gives him no authority to buy."

These instructions the Circuit Court refused, to which ruling the defendant excepted.

The court then further charged the jury, " that if they believed from the evidence, that the defendant received the goods, they need not inquire whether he purchased them or not; and *vice versa,* if from the evidence they believed that the defendant purchased

the goods, they need not inquire whether he received.them;" to which ruling the defendant also excepted.

The jury rendered a verdict in favor of the plaintiffs below, for the amount of their claim, upon which judgment was rendered : to reverse which, the writ of error in this case was sued out.

*Gray & Humphrey*, for the plaintiff in error.

The Circuit Court erred in charging the jury, " that if the defendant received the goods, they need not inquire whether he purchased them or not." The defendant would not be liable for goods *sold and delivered* by barely *receiving* them in the absence of any contract of purchase, unless he had converted them to his own use. *Jones vs. Hoar*, 5 *Pick.* 285 ; 12 *Vermt.* 217 ; 1 *Chit. Pl.* 240.

This instruction was equivalent to charging the jury that it made no difference, whether the sale to Hall, as the assumed agent of the defendant, was with or without his authority, or whether the defendant had ever ratified it or not ; and was calculated to mislead the jury. The questions of Hall's agency and its extent, the assumed ratification of his acts ; the receipt of the goods, whether with a full knowledge of all the facts, were proper and exclusive subjects of inquiry by the jury, and should have been left to them under proper instructions. 6 *Shep.* 436 ; 8 *Gill & Johns.* 248 ; *Leggett vs. Reed*, 11 *Eng. Com. Law*, 301 ; *Bentley vs. Griffin*, 1 *Eng. Com. Law*, 131 ; *Gibbs vs. Holcomb*, 1 *Wis.* 23 ; 12 *S. & R.* 35.

The defendants in error submitted no brief.

*By the Court*, COLE, J. From the testimony given upon the trial of this cause in the court below, we are of the opinion that the jury were fully justified in finding for the defendants in error.

The evidence goes to show most satisfactorily, that the defendants never trusted Hall for the goods sold, and that they

supposed the goods were purchased by Hall for Bowren; or, in the language of the witness Whaley, that "they sold the goods to Bowren through Hall, as Bowren's agent, and that Hall's name was never on their books."

The evidence further goes strongly to support the conclusion that Hall, in purchasing the goods, acted as the authorized agent of Bowren. These facts were undoubtedly established to the satisfaction of the jury, and consequently, by the clearest principles of law, the plaintiff in error became liable to pay for the goods.

The instructions asked for by the plaintiff in error may be correct as propositions of law, but we do not think they had any bearing upon the case made out by the testimony, and consequently, the refusal of the court below to give them to the jury cannot be assigned for error.

Exception is taken to that portion of the charge of the judge, in which he states, "that if the jury believe from the testimony that the defendant received the goods, they need not inquire whether he purchased them or not; and *vice versa*, if the jury, from the testimony, believe that the defendant purchased the goods, they need not inquire whether he received them." If all the testimony is embraced in the bill of exceptions, we do not see any relevancy whatever in this charge, and although open to criticism, as propositions of law, yet we think it could not have misled the jury. Substantial justice seems to have been done in the case, and it would be a great hardship to order a new trial because immaterial instructions were refused, or observations made by the court, which, though unsound, had no pertinency to the case.

The judgment of the Circuit Court is affirmed, with costs.